IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:11-CV-285-OC-37MCR

CURT and DIANE GUYER,

    Plaintiffs,

v.

CAPITAL MANAGEMENT SERVICES, LP,

    Defendant.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, CURT and DIANE GUYER ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Marion, and City of Summerfield.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, CAPITAL MANAGEMENT SERVICES, LP, ("Defendant") or ("CMS") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11 In connection with the collection of an alleged debt, Defendant repeatedly contacted Plaintiff Diane Guyer at her place of employment via telephone call after being informed that such calls are inconvenient to Plaintiff Diane Guyer and violate the policy of her employer, including, but not limited to, placing calls on March 4, 2011 at 2:41 P.M. and March 15, 2011 at 3:24 P.M.

12. In connection with the collection of an alleged debt, Defendant contacted Plaintiff Curt Guyer via cellular telephone call on February 9, 2011 at 1:36 P.M. and February 11, 2011 at 11:26 A.M., and at such times, left a voice message for "W Duncan" and "Wilma Hinosa"

respectively. Plaintiffs do not know said third parties, and in leaving said messages on Plaintiffs' telephone, Defendant unfairly attempted to lure Plaintiffs into contacting Defendant and communicating about the alleged debt, a deceptive practice that would mislead a consumer.

13. Defendants placed multiple non-emergency calls to Plaintiffs' cellular telephone, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or artificial or pre-recorded voice, including, but not limited to, calls on: February 1, 2011 at 10:32 A.M., February 9, 2011 at 1:36 P.M., February 11, 2011 at 11:26 A.M., and February 24, 2011 at 1:06 P.M.

14. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

15. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 14.

16. Defendant violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Plaintiff Diane Guyer at her place of employment after being informed that such calls are inconvenient to her and violate the policy of her employer.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(3);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

17. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 14.

18. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

19. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 14.

20. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with the collection of an alleged debt from Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

21.  Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 14.

22.  Defendant violated 15 U.S.C. § 1692f by causing using unfair or unconscionable means against Plaintiffs in connection with an attempt to collect a debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

23.   Plaintiffs repeat and re-allege each and every allegation contained above.

24.   Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiffs' cellular telephone, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

25.   Plaintiffs are entitled to and hereby demands a trial by jury.

Respectfully submitted this 11th day of May, 2011.

Respectfully submitted,
**CURT and DIANE GUYER**

By: _/s/ Alex D. Weisberg_
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com